UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES CLIFFORD GOODWIN, III,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civ. Case No.  4:20-cv-00524-BLW<br>Crim. Case No. 4:06-cr-00259-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Petitioner's Motion to vacate, set aside, or correct sentence pursuant to 28 USCS § 2255 (Civ. Dkt. 1) and the Government's Motion to Dismiss Petition under 28 U.S.C. § 2255. After carefully considering the briefing and record, the Court will grant the Government's motion and dismiss Petitioner's motion.

## BACKGROUND

In 2007 Petitioner pled guilty to possession of child pornography and was sentenced to 120 months incarceration, followed by 20 years of supervised release. Crim. Dkt. 27. On October 6, 2017, a petition was filed alleging Petitioner had violated the terms of his supervised release. Crim. Dkt. 43. Petitioner was arrested

on October 14, 2017. Crim. Dkt. 47. Petitioner has been in federal custody since he was arrested.

On February 27, 2018, Petitioner was indicted for possession of sexually explicit images of a minor in Case No. 4:18-cr-72-DCN. Petitioner pled guilty to this charge on January 16, 2019. Case No. 4:18-cr-72-DCN, Dkt. 32.

On September 30, 2019, the Court sentenced petitioner to 120 months incarceration in Case No. 4:18-cr-72-DCN and 10 months incarceration for violation of his supervised release in Case No. 4:06-cr-00259-BLW. The Court ordered the sentences to be run concurrent and gave Petitioner credit for time served. Crim. Dkt. 78. The Court also sentenced Petitioner to supervised release for a term of life in Case No. 4:18-cr-72-DCN, but did not include a term of supervised release in Case No. 4:06-cr-259-BLW.

On November 2, 2020, Petitioner filed his § 2255 motion challenging his sentence for violating supervised release in Case No. 4:06-cr-259-BLW.[1] Petitioner has not challenged his sentence in Case No. 4:18-cr-72-DCN.

---

[1] Petitioner makes several arguments why his sentence should be vacated, including that the Court illegally extended his combined and post-revocation sentence. Petitioner's arguments are without merit, and the Court would dismiss the petition on the merits if he was still "in custody" on the Judgment for violating his revocation. *See United States v. Montenegro-Rojo*, 908 F.2d 425, 431 (9th Cir. 1990).

## ANALYSIS

Section 2255 provides for post-conviction relief only when the petitioner has demonstrated (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence is "otherwise subject to collateral review." 28 U.S.C. § 2255(a).

To earn the right to a hearing, a § 2255 petitioner must allege facts that, if true, would entitle him to relief. *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *See* Section 2255 Rules, Rule 4(b). Likewise, if the allegations are "palpably incredible or patently frivolous," or if the court can conclusively decide the issues from the evidence in the record, the district court may deny a § 2255 petition without a hearing. *See Blackledge v. Allison*, 431 U.S. 63, 67 (1977); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

District courts have subject matter jurisdiction to entertain § 2255 motions only from persons who are "'in custody' in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The movant must be "in

custody under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (citation omitted); *Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir.1990). Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it. *Maleng*, 490 U.S. at 492; *Feldman*, 902 F.2d at 1448.

Although Petitioner remains in federal custody on the judgment in Case. No. 4:18-cr-72-DCN, that does not mean he is still in custody for violating the conditions of his supervised release.[2] In this case, Petitioner was sentenced to 10 months incarceration, with no supervised release to follow, for violating his supervised release. His § 2255 motion was filed 11 months after the sentence was imposed. Further, he was given credit for all time served in federal custody, which began when he was arrested on October 14, 2017. Because more than 10 months have passed since Petitioner was sentenced, and there is no supervised release to follow his sentence, the Court finds that Petitioner is no longer "in custody" for

---

[2] The Court recognizes that it must construe Petitioner's *pro se* motion liberally. *See Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990). Petitioner is articulate and understands how to challenge separate judgments in separate cases. *See* Crim. Dkt. 39; Case. No. 4:18-cr-72-DCN, Dkt. 69. Further, it is clear from the § 2255 motion that Petitioner is only attacking the sentence imposed for violating the conditions of his supervised release and not his sentence in Case. No. 4:18-cr-72-DCN.

violating his supervised release. Therefore, the Court lacks subject matter jurisdiction to consider his petition.[3] *See Brown v. United States*, 937 F.2d 611 (9th Cir. 1991) (unpublished).

---

[3] Petitioner argues that the Government's motion to dismiss was not timely, and that his motion for summary judgment should be granted. The Court finds that the Government's motion was timely. Even if it was not, the Court would still dismiss Petitioner's motion because he is no longer in custody on the judgment of conviction he is challenging. Therefore, the Court can afford him no relief. Even if the Court granted petitioner's motion it would have no effect on the amount of time he spends in federal custody on the judgment in Case. No. 4:18-cr-72-DCN, nor the length of the term of supervised release after he completes his sentence.

**ORDER**

**IT IS ORDERED that:**

1. The Government's Motion to Dismiss Petition Under 28 U.S.C. § 2255 (Civ. Dkt. 10) is **GRANTED**.

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 USCS § 2255 (Civ. Dkt. 1, Crim. Dkt. 81) is **DISMISSED** for lack of jurisdiction.

3. A certificate of appealability is **DENIED.**

4. Petitioner's Motion for Summary Judgment (Civ. Dkt. 5) is **DENIED**.

5. Petitioner's Motion to Strike (Civ. Dkt. 12) is **DENIED**.

DATED: May 4, 2021

B. Lynn Winmill
U.S. District Court Judge